Jacob Best, Appellant *v.* Alva S. Staple, Respondent.

By the provisions of the act of Congress of 1792 (1 U. S. Stats. at Large, 287), providing for the recording of bills of sale, mortgages, etc., of " vessels of the United States " in the offices of the collectors of customs, a mortgage upon such a vessel is taken out of the operation of the statute of this State (chap. 279, Laws of 1833), requiring chattel mortgages to be filed in the town clerk's office.

In order, however, to give validity to a mortgage upon a vessel alleged to be a vessel of the United States employed in the coasting trade, as against the State statute, it must be made to appear that she was registered and also that she was enrolled and licensed as required by the act of 1793 (1 U. S. Stats. at Large, 305).

In an action for the conversion of a barge, plaintiff claimed under a chattel mortgage, which recited that she was enrolled as a vessel of the United States employed in the coasting trade, and contained what purported to be a copy of the certificate of enrollment. Defendant claimed under a sale on execution issued upon a judgment against the mortgagor. The mortgage was not filed in the proper town clerk's office, but defendant and the execution creditor had notice thereof at the time of the sale. No evidence other than the mortgage was given as to the character of the barge. Defendant moved for a nonsuit upon the ground that the mortgage not having been filed at the time of the levy was void as to him. The court directed a verdict for defendant. *Held,* no error; that there was no evidence showing the barge to be a vessel of

the United States within the meaning of the acts of Congress, and defendant was not concluded by the fact that the mortgage· was recorded in the custom-house; that the motion for a nonsuit was sufficient to raise the objection; and that the mortgage was void as against defendant under the State statute, because of its not being filed, as defendant stood in the place of and was vested with the rights of the judgment creditor and did not hold as "subsequent purchaser" within the meaning of the act of 1833.

(Argued May 18, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of the defendant, entered upon an order denying a motion for a new trial, and directing judgment upon a verdict.

The action was for the alleged wrongful conversion of a barge. The answer denied the complaint, and alleged ownership in the defendant.

The plaintiff claimed title by virtue of a mortgage executed to him October 5, 1865, by one Perkins, who was then the owner of the barge, conditioned to pay the sum of $752, with interest from January 23, 1865, on or before January 23, 1866. The mortgage contained this clause : " In consideration of and as security for said loan, as aforesaid, the said barge is by these presents assigned, pledged, mortgaged, set over and conveyed to the said Jacob Best, his heirs and assigns, the certificate of the enrollment of which vessel is as follows, viz.: " No. 243. Enrollment in conformity to an act of Congress of the United States of America, entitled ' An act for enrolling and licensing ships and vessels to be employed in the coasting trade and fisheries, and for regulating the same.' Andrew Perkins, of Rondout, State of New York, having taken and subscribed the oath required by the said act, and having sworn that he is a citizen of the United States, and sole owner of the ship or vessel called the barge number thirty-seven, of Rondout, whereof he is at present master, and is a citizen of the United States, and that the said ship or vessel was built at Newburgh, State of New York, in the year 1853, as per enrollment No. 242, issued at this

port 5th October, 1865, now canceled, properly changed and said enrollment having certified that said ship or vessel has one deck, and no mast, and that her length is 84.6, her breadth is 21.6 feet, her depth 7.9 feet, and that she meas ures 111.63 tons, and that she is a square sterned barge, and has no head; and the said Andrew Perkins, having agreed to the description and admeasurement above specified, and sufficient security having been given, according to the said act the said barge has been duly enrolled at the port of Albany. Given under our hands and seals, at the port of Albany, this 5th day of October, in the year 1865." Upon the back of the mortgage was the following indorsement: " Andrew Perkins, to Jacob Best, mortgage on vessel: Custom-house, Albany, N. Y. Received for record the 5th day of October, 1865, at 1 P. M. Recorded in book two of mortgages, pages 158, 159 and 160. William Bruce, Register of sales and transfers."

Perkins, the owner, being indebted to one Fox, the latter sued him in the Supreme Court, January 6, 1866, and he gave an offer of judgment, under section 385 of the Code; the offer was accepted, judgment was on the same day entered against Perkins, and execution issued to the sheriff on the same day, who, on the ninth day of January, levied on the barge, and afterward, on the twelfth day of February, sold her to the defendant, who immediately took possession of her, and thereafter claimed her by virtue of such sale to him, and sold her.

The plaintiff did not file his mortgage in any clerk's office, but both Fox and the defendant had notice thereof at the time of the sheriff's sale.

After the close of all the evidence, defendant's counsel moved that plaintiff be nonsuited, upon the ground that the levy and judgment of Fox took priority over the mortgage of the plaintiff, and that the mortgage not having been filed in the town clerk's office of the town of Esopus (where plaintiff resided when the mortgage was given), at the time of said levy, was void as to the defendant.

Counsel for plaintiff insisted: First. That the recording of

the mortgage as required by the act of Congress, protected him against the execution and judgment under which the barge was sóld. Second. That the defendant not being a creditor, but a subsequent purchaser, to be protected against the mortgage, such purchase must have been made in good faith; and that the defendant purchased with full knowledge of the mortgage of the plaintiff. Third. That the plaintiff had actual possession of the property prior to the levy under which the defendant claimed title to the barge. Fourth. That the judgment was a collusive one between the mortgagee, Perkins, and Fox, for the purpose of defrauding the plaintiff. The counsel for the plaintiff also claimed the right to go to the jury upon the several qestions of fact embraced in the foregoing propositions, and upon each one separately.

The court refused to permit the case to go to the jury, and instructed them to find in favor of the defendant, which they accordingly did. Plaintiff's counsel duly excepted.

Exceptions were ordered to be heard in the first instance at the General Term.

*Amasa J. Parker* for the appellant. As defendant had full notice of the mortgage, and the same was recorded in the custom-house, it was valid without a filing under the State law. (9 U. S. Stat. at Large, 440; *White's Bk.* v. *Smith*, 7 Wall., 646; *Ætna Ins. Co.* v. *Aldrich*, 26 N.Y., 92; *Aldrich* v. *Ætna Ins. Co.*, 8 Wall., 491.) As against defendant, the mortgage was good under the State statute. (3 R. S. [5th ed.], 222, § 9; *F. L. and T. Co.* v. *Hendrickson*, 25 Barb., 458, 488; *Gregory* v. *Thomas*, 20 Wend., 17.) The mortgage debt being past due, and the mortgagee having taken possession, the mortgagor had no interest which could be sold under execution. (*Mattison* v. *Baucus*, 1 Cow., 277; *Hall* v. *Sampson*, 35 N.Y., 274; *Dan* v. *Mallory*, 16 Barb., 49; *Champlin* v. *Johnson*, 39 Barb., 609.)

*S. L. Stebbins* for the respondent. Parol evidence to show that the mortgage was not usurious was not admissible. (*McKinster* v. *Babcock*, 37 Barb., 265; *Hooper* v. *Taylor*, 4 E. D.

Smith, 486, 489, 490; *Bonesteel* v. *Flack*, 41 Barb., 435, 439,
440; *Durgin* v. *Ireland*, 14 N. Y., 322, 325–327.) The propo-
sition that the recording of the mortgage as required by the
act of Congress protected plaintiff against the execution and
judgment was inapplicable, and involved no question of fact
on which plaintiff could go to the jury. (7 Wall., 650–655;
1 U. S. Stat. at Large, 287, 305; *U. S.* v. *Bartlett*, Davies, 9;
*Fox* v. *The Lodemia*, Crabbe, 271; *Palmer* v. *Aldridge*, 16
Barb., 131; *Farmer's Delight*, 5 Wend., 564; *Birbeck* v. *Ferry
Boats*, 17 J. R., 54; *Many* v. *Noyes*, 5 Hill, 34; *Hicks* v. *Wil-
liams*, 17 Barb., 523.) The State statute being the only one
applicable, and the mortgage not having been filed under it, it
was absolutely void as against Fox. The notice to him was
not equivalent to filing. (3 R. S. [5th ed.], 222, 223,* § 9;
4 N. Y. Stat. at Large [Edmonds' ed.], 435, § 1; Laws, 1832,
chap. 279, § 1; *Stevens* v. *Buff. and N. Y. C. R. R. Co.*, 31
Barb., 590, 612, 613, 619.) The mortgage being void as to the
judgment, it was void as to the purchaser thereunder, although
he had knowledge of the mortgage. (*Hildreth* v. *Sands*, 2 J.
Ch., 35, 49, 50; *Sands* v. *Hildreth*, 14 J. R., 493, 497, 498;
*Bumpus* v. *Platner*, 1 J. Ch., 213, 219, 220; *Griffith* v. *Griffith*,
9 Paige, 315, 318.) As Fox was exercising his legal right as
a creditor, fraud cannot be predicated of the judgment, although
he and Perkins may have intended to cut off thereby plaintiff's
mortgage. (*Wilson* v. *Britton*, 26 Barb., 562; 6 Abb., 97;
*Dickinson* v. *Benham*, 10 id., 390; 12 id., 158; *Powers* v.
*Graydon*, 10 Bosw., 630; *Holmes* v. *Holmes*, 3 Paige, 363.)

EARL, C. Section 1 of the act of Congress of July 29,
1850 (1 Bright. Dig., 833), provides that "no bill of sale,
mortgage, hypothecation or conveyance of any vessel, or
part of any vessel, of the United States shall be valid against
any person other than the grantor or mortgagor, his heirs
and devisees, and persons having actual notice thereof, unless
such bill of sale, mortgage, hypothecation or conveyance be
recorded in the office of the collector of the customs where
such vessel is registered or enrolled." Subsequent sections of

the same act provide that the collectors of the customs shall record such bills of sale, mortgages, etc., in books to be kept for that purpose, and that they shall furnish certified copies of such records for a compensation specified.

It has been held that this act is a proper exercise of the exclusive jurisdiction of Congress, under the Constitution of the United States, to regulate commerce with foreign nations and among the several States, and that it excludes all State legislation in respect to the same subject. ( *White's Bank* v. *Smith,* 7 Wall., 646 ; *Aldrich* v. *Ætna Ins. Co.,* 8 id., 491 ; reversing same case, 26 N. Y., 92.) The ground upon which the act is upheld is stated by Judge NELSON, in the first case, as follows : " Congress having created, as it were, this species of property, and conferred upon it its chief value, under the power given in the Constitution to regulate commerce, we perceive no reason for entertaining any serious doubt but that this power may be extended to the security and protection of the rights and title of all persons dealing therein."

As both Fox, the judgment creditor, and the defendant had notice of plaintiff's mortgage, it was, therefore, valid, even without any record in the custom-house, as against them, without any compliance with our State statute as to filing mortgages, provided the barge was a "vessel of the United States." Was she such a vessel ? Section 1 of the act of Congress of December 31, 1792, provides that ships or vessels which shall have been registered as required by the law, and "no other (except such as shall be duly qualified, according to law, for carrying on the coasting trade and fisheries, or one of them), shall be denominated and deemed vessels or ships of the United States, entitled to the benefits and privileges appertaining to such ships or vessels, provided that they shall not continue to enjoy the same longer than they shall continue to be wholly owned and to be commanded by a citizen or citizens of the United States." (1 Bright. Dig., 823.) Section 1 of the act of February 18, 1793, in reference to enrolling and licensing vessels to be employed in

the coasting trade, provides that ships or vessels enrolled
according to the law, and having a license in force, as required
by the act, and " no others, shall be deemed ships or vessels
of the United States, entitled to the privileges of ships or
vessels employed in the coasting trade or fisheries." (1 Bright.
Dig., 138.)   These acts contain provisions showing what ves-
sels can be registered, enrolled and licensed, and the manner
in which, and the place where it may be done; and they are
the only acts which have come under my observation which
define what are vessels of the United States.

There is no proof showing that the barge was a vessel of
the United States, within the meaning of these acts.   There
was no competent proof whatever that she was ever
registered, enrolled or licensed.   There was no proof what-
ever upon the subject, unless it be the mere statement or
recital contained in the mortgage.   There is no claim that
this vessel was registered under the act of 1792, but the claim
is that she was enrolled and licensed under the act of 1793,
in reference to the coasting trade.   Under the last act, to make
her a vessel of the United States, she must have been both
enrolled and licensed.   If we give full force to all that is
stated in the mortgage, there is no proof that the vessel was
licensed; all we have there is the enrollment according to
section 2 of that act; but we have no license, as required by
section 4.   But the recital is no evidence against the defend-
ant.   He is not a party to the mortgage, and does not claim
under it, but really in hostility to it.   There is not even any
proof that the vessel was of such a character, or owned in
such way, that she could become a vessel of the United
States.   Neither is the defendant concluded by the fact that
the mortgage was recorded in the custom-house.   He was
not a party to that transaction.   And before the record could
be of any account, as against him, the fact that she was a
vessel of the United States must have been shown.   Hence,
there were no facts for the application to this case of the act
of Congress of July 29, 1850.

But it is claimed that the point that the barge was not

shown to be a vessel of the United States was not taken at the trial. The motion for a nonsuit was based upon the ground that the levy and judgment of Fox took priority over the mortgage of the plaintiff; and that the mortgage was void, as to the defendant, because not filed in the town clerk's office. Upon this motion, the court instructed the jury to find for the defendant. The general language used in the motion is sufficient to comprehend the objection we are now considering. It certainly is not of such a character as to exclude the idea that the motion may have been made upon the precise ground that there was no proof that the barge was a vessel of the United States; and that the attention of the court was called to this defect in the proof in the oral discussion which probably attended the motion. Presumptions are indulged in, sometimes, to uphold judgments, but rarely, if ever, to reverse them. A party appealing must see to it that his case has been so tried, and that the record is so made up, as to show that the judgment is erroneous.

The only further question to be considered is, whether plaintiff's mortgage was valid as against the defendant under the laws of this State. Section 1 of chapter 279, of the Laws of 1833, provides that every mortgage of chattels which shall not be accompanied by delivery and possession, "shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed " as directed in the succeeding section. The debt of Fox was a valid debt for repairs upon this vessel. The judgment was regularly obtained, and was, so far as I can discover, in all respects, valid. The execution was issued and levy made before plaintiff had taken possession under his mortgage, and the mortgage was not filed. It was, therefore, absolutely void as to Fox, the judgment creditor. The claim is, however, that the defendant who purchased under that judgment must be treated as a subsequent purchaser, and that as he had notice of the mortgage he is not protected. This claim is not well founded. The defendant holds under

the judgment as to which the mortgage was void, and stands in the place of the judgment-creditor. Any other construction of the statute would lead to the absurdity that while a mortgage is void as to a judgment, such judgment could not be enforced because, provided the mortgagee would, at any time before sale upon the execution, file his mortgage or attend the sale and give notice of his mortgage, no one could purchase free from the mortgage. This view is sustained by the principles laid down in the following authorities: *Hildreth* v. *Sands* (2 J. Ch., 35); *Sands* v. *Hildreth* (14 J. R., 493); *Bumpus* v. *Platner* (1 J. Ch., 213); *Griffith* v. *Griffith* (9 Paige, 315); *Thompson* v. *Van Vechten* (27 N. Y., 580).

The judgment must therefore be affirmed, with costs.

All concur.

Judgment affirmed.