JONATHAN O. FOWLER, Appellant, *v.* THE MUTUAL
LIFE INSURANCE COMPANY OF. NEW YORK,
Respondent, Impleaded, etc.

*Expenditures made for the benefit of a trust estate in pursuance of an agreement with
the trustee — when the party making them is entitled to a lien upon the property —
all persons having other liens thereon may be made parties to an action to establish
the lien for such expenditures.*

<div style="float:right; border:1px solid #000; padding:2px;">
28h 195<br>
37 Mis²683
</div>

Where executors and trustees, acting within the limits of the powers conferred
upon them, lease certain premises belonging to the estate for a term of years,
and thereafter modify the terms of the lease by covenanting with the lessee "as
such executors as aforesaid, and not individually," that they will, at the ter-
mination of the lease, pay to him a certain portion of the extra expenditures
incurred by him in erecting a building upon the premises, and it does not appear
that there is any other property belonging to the estate, the lessee is entitled
in equity to have any debt due to him under the covenant, declared a lien
upon the property, and to have the premises sold, if that be necessary, to pro-
cure the payment thereof.

In an action brought by him to have such a lien established all persons claiming
to have interests in or liens upon the premises, whether prior or subsequent to
that of the plaintiff, may be made parties defendant.

Appeal from a judgment sustaining the demurrer of the defend-
ant, The Mutual Life Insurance Company, to the plaintiff's com-
plaint and dismissing the same. This is a suit in equity. It is
alleged in the complaint that in April, 1859, Ann Walter and
Andrew Boardman, as executrix and executor of the last will and
testament of James R. Walter, executed and delivered to Alvin
Higgins, a lease of certain premises in the city of New York, for
the period of twenty-one years, which was duly recorded in the
register's office for the city and county of New York. That after-
wards, the plaintiff, by assignment from the lessee, became the
owner of the lease, and entered into the possession of the premises,
and occupied and enjoyed the same until the termination of the
lease, which occurred in May, 1880, when he surrendered up the
premises, and thereafter this action was commenced.

In October, 1864, the terms and the conditions of the lease were
changed, this plaintiff and the lessors being the parties to the instru-
ment which was also recorded in the register's office in June, 1865.

Thereafter, and in October, 1867, the lessors borrowed of the

defendant, the Mutual Life Insurance Company, $125,000, and gave to it a mortgage upon the leasehold premises as security therefor, which mortgage contained a provision that in case of default in the payment of taxes on the premises, the mortgagees might pay the same, and have the amount so paid for taxes secured by and tacked on and to the mortgage.

The rent reserved in the lease was $10,000 per annum for the first fifteen years, and $11,000 per annum for the remaining six years of the term. The lessees covenanting and agreeing to pay all taxes and water rents assessed on the premises during the term, and to pay interest upon all assessments made upon the premises which should be paid and discharged by the party of the first part, and to pay a portion of the premium for insurance upon the building, and that such interest and premiums were to be added to the rent, and made payable upon the quarter days as provided in the lease. By the terms of the original lease, permission was given the lessee to alter the buildings standing on the property, or to erect new ones in their place and stead, and the party of the first part agreed to keep the buildings insured, and in case they were destroyed, the money which the party of the first part should receive from the insurance company should be used in repairing the old buildings or constructing new ones thereon. At the time of the making of the new agreement in 1864, the premises had been destroyed by fire, and the sum of $37,500 was the amount of the insurance money received by the lessors. The lessee was desirous of placing upon the property buildings of a greater value than could be constructed with the insurance money, and the instrument recited such intention on the part of the plaintiff, and that the value of the old material was worth the sum of $18,000, and the plaintiff agreed to erect and construct upon the premises a building which would cost more than $60,000. A covenant was entered into by the parties of the first part, agreeing at the end of the term to pay to the lessee a portion of the cost of the building beyond $60,000, and is in the following words:

"*Fifth.* The parties of the first part, as such executors as aforesaid, and not individually, agree for themselves and their successors and assigns, that they will, at the termination of said lease, pay to the said Fowler, his executors, administrators or assigns, such a por-

tion of his extra expenditure as the value of the building at that time will bear to the cost of it, as above specified.   For example: If the whole value of the said buildings, at completion thereof, pursuant to the principles aforesaid, shall be seventy thousand dollars, and the outlay of the party of the second part shall be twenty-two thousand dollars, then, if the value of the said buildings at the end of said lease be thirty-five thousand dollars, the party of the second part shall be entitled to receive ten thousand dollars from the parties of the first part, their successors or assigns."

The contract also provided for the mode and manner of ascertaining the value of the building at the expiration of the lease, if the parties could not agree between themselves upon the question of value.

The complaint alleged in substance that the value of the building was greater than $60,000, and that, under the clause of the agreement which has just been recited, a large sum of money would be due and payable to the plaintiff.   It is also averred that the lessors have paid a portion of the taxes which accrued during the term, that a portion of the annual rent has not been paid, and sets forth in much detail other questions in dispute between the parties to the lease arising out of the mutual covenants and stipulations contained therein.   It also sets up that the lessees had not paid certain taxes and assessments made upon the premises, and the mortgagee, the insurance company, to protect its lien, paid the same from time to time, and that, in the aggregate, such taxes amount to the sum of over $15,000.   The complainant also sets forth, in substance, that a portion of the bond and mortgage has been paid and the amount reduced to below $85,000, and that the insurance company threaten to foreclose its lien and sell the mortgaged premises, if it was necessary, to secure the payment of its debt.   Plaintiff demanded that the sum due him from the lessors be ascertained, and that it be declared a lien upon the premises prior and superior to the mortgage lien of the defendant, the insurance company; the complaint also contained a general prayer for such relief as shall appear just and proper, according to equity and good conscience.

The defendant, the insurance company, demurred to the complaint, for the reason that it did not state facts constituting a cause of action against it, and at Special Term the demurrer was sus-

tained and the complaint dismissed with taxable costs, with an extra allowance in the sum of $100.

*John A. Bryan,* for the appellant.

*O. H. Palmer,* for the respondent.

BARKER, J.:

As between the parties to the lease, a case is stated in the complaint which entitles the plaintiff to an accounting and for relief.

Upon the facts averred, it also appears that the plaintiff is entitled to reimbursement in some sum based upon the covenant contained in the agreement of 1864, changing the terms of the original lease for the cost of the new buildings above the sum of $60,000.

This being a suit in equity, if the defendant, the insurance company, is a proper and necessary party for any purpose, then the demurrer should have been overruled, for the reason that a good cause of action is stated against a defendant, if he is a necessary party for any purpose whatever, to enable the court to give full and complete relief on any question involved in the litigation.

As to parties defendant, the Code of Civil Procedure provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein. (Code, § 447.)

This rule, as to parties defendant, is substantially the same as the one which prevailed in equity actions when the Court of Chancery was a separate and distinct jurisdiction.

If the plaintiff is entitled to have the moneys which may be found due him, under the covenant relating to erecting new buildings, declared a lien upon the premises, then the insurance company was a proper party, whether such lien be prior or subsequent to the mortgage.

Our inquiry will, therefore, be limited to the question whether the plaintiff is entitled in equity to have the debt, which he alleges is due him, declared a lien upon the property, and the premises sold, if that be necessary, for the payment of the same. There is no personal covenant on the part of the lessors to pay over to the plaintiff the moneys to which he is entitled under the covenants

contained in the lease, for they have, in express terms, limited their covenant and made it binding upon themselves only in their representative capacity.

The only property or fund out of which the plaintiff can be indemnified, is the trust estate in the hands of the trustees, and it does not appear that there is any other property embraced within the terms of the trust than the premises covered by the lease.

In disposing of the question now presented, we must assume that the trustees, in making the lease and entering into the covenants therein contained, acted within the limit of the powers conferred upon them by the instrument of their appointment. We, therefore, have before us a case where a party has a just debt against a trust estate, arising out of improvements put upon the property which constitutes the trust, without any personal covenant or promise for the payment of the same, which can be enforced in a court of law, and his only remedy is limited to a proceeding against the trust estate.

It seems very clear that the plaintiff is entitled to have his debt, whatever the amount may be, paid out of the premises held in trust, and the same to be declared a lien thereon. And if it shall appear upon the trial that a sale is necessary to accelerate a payment, the court has power to decree a sale for that purpose.

All the essential elements necessary to constitute a lien in equity, as contradistinguished from those which arise by operation of law, or are based upon special agreement, exists upon the facts averred in the complaint. (Story's Eq. Juris., §§ 1216, 1237.)

It is not necessary to consider and determine the question whether the lien which the plaintiff is entitled to is prior or subsequent to the defendant's mortgage.

It is a familiar rule that a party who has a lien upon real estate and is seeking to enforce the same in a court of equity, may make all persons parties defendant who assert any claim to the premises, whether prior or subsequent, because the order of the respective liens is involved in the litigation and should be determined in the final decree. (*Brown v. Volkening*, 64 N. Y., 76.)

The order of the Special Term, sustaining the demurrer and dismissing the complaint, should be reversed, and an order entered overruling the demurrer, with costs of the Special Term and of

this appeal, and on payment of the same the defendant be at liberty to answer.

BRADY, P. J., and DANIELS, J., concurred.

Order reversed; order entered overruling demurrer, with costs.