SILAS. KENT AND GARDNER WINNEY, APPELLANTS, v. SERENA WARNER, AS EXECUTRIX, AND GEORGE WARNER, AS EXECUTOR, ETC., OF JOHN WARNER, DECEASED, RESPONDENTS.

*Construction given to chapter 83 of 1884 legalizing defective oaths to assessment-rolls — its scope is limited only by the provisions of section 2 — the word " title," as used in that section, contemplates a hostile title.*

In this action, brought to recover damages for cutting logs and wood from lands of the plaintiffs, the defendants, upon the trial, did not claim to have either title to the lands or a license to do the acts complained of, but denied the right of the plaintiffs to maintain the action on the ground that they were not the owners in fee and entitled to the immediate possession of the lands. The plaintiffs' title was acquired under a sale made by the comptroller, in 1881, for the non-payment of the taxes for the years 1871, 1872, 1875 and 1876, to one Buel, who subsequently assigned the comptroller's certificate to the plaintiffs, to whom the comptroller afterwards, and on December 3, 1884, conveyed the premises. The defendants claimed that the sale was invalid because the assessment-roll for the year 1872 was verified before a notary public and not before a justice of the peace of the town in which the premises were situated as required by the statute.

*Held,* that the assessment was legalized and confirmed, and made valid and effectual for all purposes by chapter 83 of the Laws of 1884.

That the act was intended to cover a case like the one under consideration, where the proceedings subsequent to an assessment had not as yet ripened into a conveyance.

That section 2 of the act, which provides that it "shall not affect any *title to real estate,* vested right, or any action or legal proceedings now pending," contemplated a hostile title, *i. e.,* a title otherwise acquired than from the State and held in hostility to a title obtained from it.

That, as the defendants did not have, and never had had, a title hostile or otherwise to be affected by the act, nor a vested right in the premises, they were not in a position to assert that the act of the assessors was not legalized and made valid by the statute.

That, even if it were assumed that the legislature intended to so limit the application of the statute as not to validate proceedings which had resulted in a deed to the purchaser at a tax sale, still the limitations would not be applicable here as the deed had not been executed when the act was passed and the plaintiffs had no title to be affected by it.

APPEAL from a judgment in favor of the defendants, entered in Fulton county upon a verdict directed by the court. The action was originally brought against John Warner for trespass, upon whose death the executors of his estate were substituted.

*Lee S. Anibal,* for the appellants.

*L. L. Boyce,* for the respondents.

PARKER, J. :

The plaintiff sought in this action to recover of the defendants in trespass, for cutting and removing logs and wood from lands which they claimed to own. The defendants upon the trial did not claim to have either title to the lands or a license to do the acts complained of, and from the undisputed evidence he was, in that which he did, a *tort feasor.* He, however, denied the right of the plaintiff to maintain the action because, as alleged, the plaintiffs were not the owners in fee and entitled to the immediate possession, nor were they in the actual and exclusive possession of the lands in question. Such view of the case was adopted by the trial court and a verdict in favor of the defendants accordingly directed. We concur with the court in so far as it held that the plaintiffs were not in the actual possession of the *locus in quo* (*Thompson* v. *Burhans,* 61 N. Y., 71 ; 79 id., 93), but cannot approve of the disposition of the other question presented. The lands upon which the trespass was committed being subdivision 7 of Great Lot 5, Glen. Bleecker and Lansing's Patent, were sold by the comptroller for non-payment of taxes for the years 1871, 1872, 1875, 1876, to one S. W. Buell, and he subsequently assigned the comptroller's certificate of sale to these plaintiffs. The owner of the fee having failed to redeem within the time allowed by law, the comptroller afterwards, and on the 3d day of December, 1884, conveyed the premises to the plaintiff.

The defendants proved that the assessment-roll for the year 1872 was verified before a notary public and not before a justice of the peace of the town in which the premises were situate, as required by statute, and contends that the verification being insufficient, the sale was invalid. Such contention in the absence of subsequent legislation could not be questioned (*Nat. Bank of Chemung* v. *City of Elmira,* 53 N. Y., 49), but the legislature, by chapter 83 of the Laws of 1884, entitled "An act to legalize defective oaths to assessment-rolls made and subscribed before notaries public or other officers," passed April 2, 1884, provided : " Section 1. All oaths otherwise regular, heretofore made and subscribed by assessors

before a notary public or other officer duly authorized by law to administer oaths in the county where such assessor or assessors resided when such oath was made, are hereby legalized and confirmed and shall be as valid and effectual for all purposes as if they had been made and subscribed before one of the justices of the peace of the town in which said assessor or assessors resided at the time. Section 2. This act shall not affect any title to real estate, vested right, or any action or legal proceeding now pending."

Prior to the time of such enactment the legislature had already so amended the law relating to the assessment and collection of taxes as to authorize assessors to make and subscribe the oath to assessment-rolls before any officer in their county authorized by law to administer oaths (Chap. 57, Laws 1884), and this act was passed, as is apparent from both its title and provisions, for the purpose of legalizing oaths to assessment-rolls theretofore taken before a notary public or other officer duly authorized to administer oaths. It was intended undoubtedly, among other things, to cover a case like the one under consideration where the proceedings subsequent to an assessment had not as yet ripened into a conveyance. In fact its scope as a legalizing and confirmatory act is limited only in the manner provided in section second of the act itself, and that section has no application here.

The words, " this act shall not affect any title to real estate," contemplate hostile title, *i. e.*, that a title otherwise acquired than from the State, and held in hostility to a title obtained from it, shall not be affected by the provisions of the act.

This defendants did not have, and never have had, a title, hostile or otherwise, to be affected. Neither has he ever had a vested right in the premises; and he is not, therefore, in a position to assert that the act of the assessors was not legalized and validated by the statute. Assuming a construction, the most favorable to the theory of the defendants, conceivable, that the legislature intended to so limit the application of the statute as not to validate proceedings which had resulted in a deed to the purchaser at a tax sale, still the limitation would not be applicable here, for the deed had not been executed when this statute was passed, and these plaintiffs had no title to be affected by it. To give to that section a construction still further limiting the effect of the act as a legalizing

MATTER OF BAILEY. 477

measure, would result in holding in effect that the statute is an absurdity.

Judgment reversed and a new trial granted, costs to abide the event.

LANDON, J., concurred; FISH, J., not acting.

Judgment reversed, new trial granted, costs to abide event.