CHARLES A. ELLIS and HARRISON D. COLE, Respondents, *v.* CLARENCE E. RICKETT, Appellant.

Fourth Department, March 7, 1917.

Chattel mortgages — validity of chattel mortgages on licensed vessel of United States, not recorded in office of collector of customs, as against judgment creditors — actual notice of mortgages at time of execution sale insufficient.

The recording in a town clerk's office of chattel mortgages on an enrolled and licensed vessel of the United States is ineffectual to give the mortgages validity as against an execution creditor, where said mortgages have not been recorded in the office of the collector of customs where such vessel is registered or enrolled as required by section 4192 of the United States Revised statutes.

Notice of such mortgages given to a deputy sheriff and all present at a sale under an execution against the vessel does not constitute actual notice to the deputy sheriff and the holder of the mortgages, so as to make them valid under the Federal statute, and the deputy sheriff cannot be held liable for making the sale under such circumstances.

APPEAL by the defendant, Clarence E. Rickett, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Jefferson on the 10th day of June, 1916, upon the verdict of a jury.

*Francis M. McKinley,* for the appellant.

*George E. Morse,* for the respondents.

FOOTE, J.:

Defendant is a deputy sheriff of Jefferson county. As such he received an execution against the property of George W. Brown on or about March 15, 1916. This execution was issued from the County Court of Jefferson county upon a judgment

recovered before a justice of the peace and docketed in the county clerk's office upon a transcript duly filed. Defendant thereupon levied upon a motor boat named *Just Brown* as the property of said George W. Brown. It was in fact his property, but plaintiffs, claiming to hold chattel mortgages thereon, demanded the boat from defendant, which, being refused, plaintiffs attended the sale upon the execution and notified all persons present of their mortgages.

The *Just Brown* was an enrolled and licensed vessel of the United States. Plaintiffs' chattel mortgages were filed only in the town clerk's office of the town where George W. Brown resided. They were not filed or recorded as required by section 4192 of the Revised Statutes of the United States. That section is as follows:

"Sec. 4192. No bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled."

Defendant having sold this vessel on the execution, plaintiffs brought this action to recover its value on allegations that the seizure and sale of said vessel upon the execution was illegal and wrongful as to them. They have recovered a verdict of $900 as the value of the boat, which is less than the amount of their mortgage debt.

The learned trial judge held that the recording of the mortgages in the town clerk's office was ineffectual to give the mortgages validity as against the execution creditor and that the Federal act alone applied. This was undoubtedly correct. (*White's Bank* v. *Smith*, 7 Wall. 646; *Aldrich* v. *Ætna Co.*, 8 id. 491.) He held, however, that the notice of plaintiffs' mortgages given to defendant and all present at the execution sale was actual notice to defendant and the purchaser of plaintiffs' mortgages, and made the mortgages valid as to them under the express terms of the Federal statute and rendered defendant liable in damages for the subsequent sale of the boat, leaving to the jury only the question of the value of the boat. This ruling

was excepted to by plaintiffs' counsel and presents the question of law for this court.

It was not claimed or proved at the trial that either the defendant or the judgment creditors for whom he was acting had actual notice of plaintiffs' mortgages until subsequent to the levy on the boat under the execution. The question, therefore, is whether the judgment creditors of Brown, the owner of the boat, having acquired an actual lien upon the boat by delivery of the execution to the sheriff and actual levy upon the boat prior to any actual notice of the mortgages, are persons as to whom plaintiffs' mortgages are void for failure to file and record them with the collector of customs; in other words, does the Federal act apply to a judgment creditor securing a lien by levy to render invalid mortgages not filed and recorded as by that act required ? If the mortgages were void as to the judgment creditors from the time they secured a lien by levy, then clearly defendant, who was acting for them in enforcing the lien of their execution, cannot be held liable. (*Hildreth* v. *Sands*, 2 Johns. Ch. 35; *Thompson* v. *Van Vechten*, 27 N. Y. 568; *Best* v. *Staple*, 61 id. 71.)

The question of the applicability of this Federal statute in favor of liens acquired by creditors has not apparently been decided authoritatively.

The Supreme Court of Louisiana in *Fort Pitt Nat. Bank* v. *Williams* (43 La. Ann. 418) has construed this statute and held that it was designed only to protect persons who have dealt on the faith of the recorded title and does not enable mere attaching creditors to oppose equities which are valid against their debtors who hold under unrecorded instruments. The same doctrine is held in *Richardson* v. *Montgomery* (49 Penn. St. 203).

To the contrary are the views of the Supreme Judicial Court of Massachusetts and the Supreme Court of Ohio as shown in *Potter* v. *Irish* (76 Mass. 416); *Secrist* v. *German Ins. Co.* (19 Ohio St. 476). And the Supreme Court of Washington in *Benner* v. *Scandinavian American Bank* (73 Wash. 488; 131 Pac. Rep. 1149) has gone further and held that the act renders an unrecorded transfer of a vessel invalid even as against general creditors who have secured no specific lien, where they

advanced moneys to the record owner on the faith of its representations that it held title to the vessel clear of incumbrance. (See, also, to the same effect *Arnold* v. *Eastin's Trustee*, 116 Ky. 686.)

And the Circuit Court of Appeals in the Second Circuit in *The Vigilancia* (73 Fed. Rep. 452), has held that one having a lien upon a vessel as by a judgment and execution is entitled to challenge the validity of previous mortgages, and if they are void by force of any statute, the lien must prevail even though as between the parties the mortgages may be sufficient to transfer the title.

In an early case in 1861 the General Term of the Superior Court of the City of New York in *Parker Mills* v. *Jacot* (8 Bosw. 161) held that this Federal act as it then existed (9 U. S. Stat. at Large, 440, chap. 27, § 1) rendered void a bill of sale or conveyance of a vessel not recorded in the office of the collector of customs as against an execution creditor of the vendor, unless at the time of levying his execution the creditor had actual notice of the bill of sale or conveyance.

These decisions proceed upon the ground that the statute is intended to apply in favor of "any person" who acquires an interest in or lien upon such vessel. This interpretation seems to be the natural one.

In the absence of any authoritative decision from the Supreme Court of the United States, I think we should adopt this construction and hold the plaintiffs' mortgages void as against the lien of the execution which attached upon the delivery of the execution to the sheriff and before the levy. (Code Civ. Proc. § 1405.) Notice of plaintiffs' mortgages after the levy was too late for the judgment creditors' right to contest the validity of the mortgages had become fixed.

*Best* v. *Staple* (61 N. Y. 71) is not an authority to the contrary. Judge EARL says in his opinion in that case: "As both Fox, the judgment creditor, and the defendant had notice of plaintiff's mortgage, it was, therefore, valid, even without any record in the custom house as against them * * * provided the barge was a 'vessel of the United States.'" In the statement of facts prefixed to the opinion is the following: "The plaintiff did not file his mortgage in any clerk's office, but both

Fox and the defendant had notice thereof at the time of the sheriff's sale." This might indicate that Judge EARL referred to a notice of plaintiff's mortgage received after the levy and on the very day of the sale. Such is not the case. We find by reference to the record in that case that defendant, who was the purchaser at the execution sale and a brother-in-law of the mortgagor, had knowledge of plaintiff's mortgage at the time it was made, and that Fox, the judgment creditor, had such knowledge before he recovered his judgment.

Defendant is protected in proceeding to sell the boat inasmuch as the lien of the execution was superior to that of plaintiffs' unrecorded mortgages.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.